**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **LINDE BOC PROCESS PLANTS LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **THE BOLDT COMPANY and OSCAR J.** | ) | |
| **BOLDT CONSTRUCTION COMPANY,** | ) | Case No. 05-CV-0191-CVE-PJC |
| | ) | |
| Defendants and Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **STACK BROS MECHANICAL** | ) | |
| **CONTRACTORS, INC.,** | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court is the Motion to Amend Answer (Dkt. # 22) filed by defendants, The Boldt Company and Oscar J. Boldt Construction Company (collectively "Boldt"). This lawsuit involves a dispute over a construction project in Wisconsin. Boldt seeks to amend its Answer to allege improper venue and *forum non conveniens*. Plaintiff Linde Boc Process Plants LLC ("Linde") objects, arguing that amendment would be futile because Boldt waived any defense based upon alleged improper venue and, in any event, the Court should deny amendment because the agreement at issue contains a valid forum selection clause requiring that litigation be brought in this district.

Rule 15(a) of the Federal Rules of Civil Procedure permits amendment of pleadings with leave of the court and provides that "leave shall be freely given when justice so requires." See, e.g., Gillette v. Tansy, 17 F.3d 308, 312 (10th Cir. 1994). "The liberal granting of motions for leave to

amend reflects the basic policy that pleadings should enable a claim to be heard on its merits." Calderon v. Kansas Dept. of Social and Rehabilitation Servs., 181 F.3d 1180, 1186 (10th Cir. 1999) (citing Foman v. Davis, 371 U.S. 178, 181-82 (1962); 6 Charles Alan Wright et al., Federal Practice and Procedure §§ 1473, 1483 (2d ed.1990)). However, a judge may deny a motion to amend because of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." Moore v. Reynolds, 153 F.3d 1086, 1116 (10th Cir. 1998)(citations omitted).

The defense of improper venue must be asserted included in the party's initial responsive pleading or in a motion to dismiss filed prior to an answer. See Fed. R. Civ. P. 12(b). Otherwise, it is waived. See Fed. R. Civ. P. 12(h)(1)[1]; see, e.g., Stjernholm v. Peterson, 83 F.3d 347, 349 (10th Cir. 1996). Significantly, the advisory committee notes to Rule 12(h) state that the specified defenses, included improper venue, "are of such a character that they should not be delayed and brought up for the first time by means of an application to the court to amend the responsive pleading." Fed. R. Civ. P. 12(h) advisory committee's note (1966 Amendment). Boldt did not file a motion to dismiss before it answered, and it failed to assert improper venue as a defense in its answer. Indeed, Boldt affirmatively admitted in its Counterclaim and Third-Party Complaint that venue is proper in this district. "Improper venue is of course a defense personal to a party and may

---

[1] Under Fed. R. Civ. P. 12(h)(1)(B), the defense of improper venue is also waived if it is not included in an amendment permitted by Fed. R. Civ. P. 15(a), which permits a party to amend "as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served." Boldt did not amend his answer within the 20 days permitted by Rule 15(a).

be waived." Thompson v. United States, 312 F.2d 516, 519 (10th Cir. 1962) (citation omitted). It may be waived through conduct or pleading. Id. Boldt waived its improper venue defense.

Boldt essentially argues that Linde will not be unduly prejudiced by the filing of the amendment at this early stage of the proceedings, but that argument fails to counter Linde's futility argument. The issue of futility turns on whether the amendment can withstand a motion to dismiss. Ketchum v. Cruz, 961 F.2d 916, 920 (10th Cir. 1992); Schepp v. Fremont County, 900 F.2d 1448, 1451 (10th Cir. 1990). Since Boldt has waived improper venue as a defense, it would be futile to permit amendment of an affirmative defense that would be subject to dismissal.

The Court's finding in this regard, however, does not mean that a change of venue would be precluded under a proper motion brought pursuant to 28 U.S.C. §1404(a), which provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The statute was drafted in accordance with the common law *forum non conveniens* doctrine, but "was intended to revise rather than merely codify the common law. Courts therefore enjoy greater discretion to transfer a cause pursuant to § 1404(a) than to dismiss the action based upon *forum non conveniens*." Chrysler Credit Corp v. Country Chrysler, Inc., 928 F.2d 1509, 1515 (10th Cir. 1991). "An action may be transferred under §1404(a) at any time during the pendency of the case, even after judgment has been entered. Id. at 1516 (citing 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3844 at 334-35 (1986)).

Numerous district courts have held or remarked that a Court may transfer venue under §1404(a) even if defendants waive their right to challenge the propriety of venue in the plaintiff's chosen forum. See, e.g., Beissbarth USA, Inc. v. KW Products, Inc., No. 04 C 7738, 2005 WL

38741 at *4 (N.D. Ill. Jan. 6, 2005); Paragon Financial Group, Inc. v. The Bradley Factor, Inc., No. 1:02-CV-222, 2003 WL 23471548 at *11 (E.D. Tenn. Dec. 4, 2003); Moto Photo, Inc. v. K.J. Broadhurst Enters., Inc., No. 301CV2282-L, 2003 WL 298799 at * 5 (N.D. Tex. Feb. 10, 2003); Red Wing Shoe Co., Inc. v. B-JAYS USA, Inc., No. Civ. 02-257DWFAJB, 2002 WL 1398538, at *2 (D. Minn. June 26, 2002); Agricultural Ins. Co., Inc. v. Ace Hardware Corp., No. 98 CIV 8708(RJW), 2000 WL 1568313 at *2 (S.D.N.Y. Oct. 20, 2000); but see Miller v. Batesville Casket Co., 219 F.R.D. 56, 58-59 (E.D.N.Y. 2003).  This is so because a motion to transfer under §1404(a), unlike a motion to transfer under 28 U.S.C. §1406(a),[2] does not involve a claim that venue is improper; it involves a claim that venue in the plaintiff's chosen forum is inconvenient. See Paragon Financial, 2003 WL 23471548 at *11 (quoting Daily Express, Inc. v. Northern Neck Transfer Corp., 483 F. Supp. 916, 918 (M.D. Pa. 1979)).  In other words, "a motion to transfer venue under 28 U.S.C. § 1404(a) is not a 'defense' that must be raised in a responsive pleading." Moto Photo, 2003 WL 298799, at *5 n.6.  "Moreover, unlike Rule 12(b)(3) and § 1406(a), a motion under § 1404(a) is not a personal (and therefore waivable) privilege." Agricultural Ins. Co., Inc., 2000 WL 1568313 at *2.

The court may *sua sponte* transfer a case under §1404, Ward v. Delaney, No. 01 C 3074, 2002 WL 31133099 at * 2 (N.D. Ill. Sept. 20, 2002) (citing Carver v. Knox County, 887 F.2d 1287, 1291 (6th Cir. 1989)).  However, because defendant would have the burden of establishing the

---

[2]   28 U.S.C. § 1406(a) provides:  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  Because § 1406(a) uses mandatory language, "applying it where a defendant has waived an objection to venue would effectively convert venue into a non-waivable, jurisdictional defense."  Ward v. Delaney, No. 01 C 3074, 2002 WL 31133099 at * 2 (N.D. Ill. Sept. 20, 2002).

inconvenience of the existing forum, <u>Chrysler</u>, 928 F.2d at 1515, the Court declines to do at this time.  Boldt represents that multiple litigation will arise out of the same construction contract and project, that a lienholder on the project might file suit against Linde and Boldt in Wisconsin, and that a majority of the witnesses relating to the construction work would be located in Wisconsin, but, at this point, these assertions are unsupported and/or speculative.

In summary, defendant Boldt will not be permitted to amend its answer to assert a defense of improper venue or forum non conveniens, but neither it nor any other party is precluded from moving for a change of venue under 28 U.S.C. §1404(a), as third-party defendant has (see Dkt. # 35).  Accordingly, the Motion to Amend Answer (Dkt. # 22) is hereby **DENIED**.

Dated this 22nd day of July, 2005.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT